IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 15-00238-KD-B |
| | ) |
| JONATHAN MAURICE HACKWORTH, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Jonathan Maurice Hackworth's Motion to Terminate Supervised Release Term and supporting documents and the United States' response (docs. 54, 56, 57). Upon consideration, and for the reasons set forth herein, the Motion is denied.[1]

Hackworth pleaded guilty to Count One of the Superseding Indictment charging felon in possession of ammunition (doc. 39). On August 4, 2016, he was sentenced to serve twelve months and one day (doc. 52). He was released from custody on July 17, 2017 and began his three-year term of supervised release.

Hackworth moves the Court for early termination of his supervision. He states that he has improved his life since release. Specifically, he married the mother of his children. He coaches a youth football league and is a mentor to young men. He obtained certification as a personal fitness trainer and now supports his family by working as a Personal Trainer Counselor in Houston, Texas. Hackworth also reports that he has complied with all the requirements of supervision.

---

[1] No evidentiary hearing is necessary. *States v. Reagan*, 162 Fed. Appx. 912, 913 (11th Cir. 2006) ("A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion."); *United States v. Smith*, No. 3:88-CR-215-J-12, 2010 WL 716495, at *2 (M.D. Fla. Feb. 25, 2010) (same) (citing *United States v. Reagan*, 162 Fed. Appx. at 913).

The United States responds that early release is not justified (doc. 56). The United States argues that compliance with terms and conditions of release is not enough to support early termination because that conduct is expected of Hackworth. The United States also argues that Hackworth's "move to Texas, his claimed marriage or his claimed employment" do not constitute rehabilitation or a change in circumstances that justify early termination.[2] The United States points out that Hackworth has worked as a personal trainer since 2010 and coached youth sports in Mobile, Alabama, before moving to Texas. Additionally, the United States argues that reducing Hackworth's supervised release term by half is not justified in view of his criminal history involving drugs and guns, and his prior conviction for attempted murder.

At the Court's request, Hackworth's former and current Probation Officers have given their opinions. His former Probation Officer objects to early termination because of Hackworth's criminal history[3] and because he has served only half of the three-year term of supervised release.[4] His current Probation Officer states that Hackworth has been in compliance during the five months of supervision and based on compliance, does not object to early termination.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if

---

[2] After the United States filed its response, Hackworth amended his motion and provided the Court with a copy of his marriage license, an unsigned letter outlining his coaching and program-building activities, and a copy of his paycheck history with Fitness International, LLC (doc. 57).

[3] Hackworth's criminal history shows a conviction for attempted murder in 2003.

[4] Hackworth was ordered to participate in a program of testing and treatment for drug and alcohol abuse, as directed by the Probation Office (doc. 52, p. 3). Based upon the information from the Probation Officers, Hackworth has complied with the program requirements.

it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The Court has considered the "nature and circumstances of the offense", Hackworth's "history and characteristics", the "need for the sentence imposed … to afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(1), (a)(2)(B)&(C). The Court has also considered the need for the sentence to provide correctional treatment in an effective manner. 18 U.S.C. § 3553(a)(2)(D).

Upon consideration of the foregoing, the Court finds that early termination would not serve the "need for the sentence imposed … to afford adequate deterrence to criminal conduct", to "protect the public from further crimes of the defendant" and to provide treatment. 18 U.S.C. § 3553(a)(2)(B),(C)&(D). The Court commends Hackworth for his marriage, employment, and substantial activities as a coach and youth leader. However, the relevant factors discussed herein weigh in favor of denying his motion for early termination. Specifically, but not limited to, the need for Hackworth's continued participation in drug testing and treatment as deemed necessary by the Probation Office, and to adequately deter criminal conduct.

Accordingly, the Court is not satisfied that early termination is warranted by Hackworth's conduct and the interests of justice. 18 U.S.C. § 3583(e)(1).

The Clerk is directed to mail a copy of this Order to Hackworth.

**DONE** and **ORDERED** this the 29th day of March 2019.

/s / **Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**