IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 15-00238-KD-B |
| | ) |
| JONATHAN MAURICE HACKWORTH, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Jonathan Maurice Hackworth's petition for early termination of his supervised release term (doc. 59). Upon consideration, and for the reasons set forth herein, the Motion is denied.[1]

Hackworth pleaded guilty to Count One of the Superseding Indictment charging felon in possession of ammunition (doc. 39). On August 4, 2016, he was sentenced to serve twelve months and one day (doc. 52). He was released from custody on July 17, 2017 and began his three-year term of supervised release.

Hackworth moves the Court for early termination of his supervision. He states that he has the opportunity to start his own transportation company, but his travel restrictions prevent his business from performing to its full potential and hinder the growth of his business.

At the Court's request, Hackworth's former and current Probation Officers have given their opinions. His former Probation Officer objects to early termination because of Hackworth's

---

[1] No evidentiary hearing is necessary. United States v. Reagan, 162 Fed. Appx. 912, 913 (11th Cir. 2006) ("A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion."); United States v. Smith, No. 3:88-CR-215-J-12, 2010 WL 716495, at *2 (M.D. Fla. Feb. 25, 2010) (same) (citing United States v. Reagan, 162 Fed. Appx. at 913).
(Continued)

violent criminal history.² His current Probation Officer states that Hackworth has been in compliance during supervision. However, Hackworth's risk assessment rating falls within the range for which the U.S. Probation Office does not generally recommend early termination.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The Court has considered the "nature and circumstances of the offense", Hackworth's "history and characteristics", the "need for the sentence imposed … to afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(1), (a)(2)(B)&(C).

Upon consideration of the foregoing, the Court finds that early termination would not serve the "need for the sentence imposed … to afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(2)(B)&(C). Again, the Court commends Hackworth for the improvements in his life since release from prison. However, the relevant factors discussed herein weigh in favor of denying his motion for early termination. Specifically, but not limited to, the need for Hackworth's continued supervision to adequately deter criminal conduct and protect the public from further crimes.³

---

² Hackworth's criminal history shows a conviction for attempted murder in 2003.

³ Previously, the Court considered the need for the sentence to provide correctional treatment in an effective manner. 18 U.S.C. § 3553(a)(2)(D). However, Hackworth has not required drug treatment during supervision. His current Probation Officer reports that he has complied with reporting requirements and tested negative for drugs.

Accordingly, the Court is not satisfied that early termination is warranted by Hackworth's conduct and the interests of justice. 18 U.S.C. § 3583(e)(1).

The Clerk is directed to mail a copy of this Order to Hackworth.

**DONE** and **ORDERED** this the 6th day of February 2020.

>  **/s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**